# UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEUNG Y. LEE aka KEVIN LEE,<br><br>Defendant. | ) | **Case No.: 25-CR-21(WFK)**<br><br>CRIMINAL ACTION |

## Defendant's Sentencing Memorandum

Defendant Seung Y. Lee respectfully submits this memorandum in advance of sentencing and asks the Court to impose a sentence of probation, with appropriate conditions, as a substantial downward variance from the advisory Guidelines range of 41 to 51 months.

Mr. Lee recognizes the seriousness of his conviction, has accepted responsibility by pleading guilty, and appears before the Court with no scoreable criminal history, full compliance with pretrial supervision, stable family ties, and significant collateral and financial consequences already flowing from this case. A sentence of probation, with strict conditions the Court deems appropriate, would satisfy the purposes of 18 U.S.C. § 3553(a) without imposing a term greater than necessary.

## Relief Requested

Mr. Lee respectfully requests a substantial downward variance and a sentence of probation. On the current record, a probationary sentence, together with a term of home confinement, community service, financial disclosure, and any other conditions the Court finds appropriate, would be sufficient but not greater than necessary to achieve the purposes of sentencing.

**Background**

Mr. Lee pleaded guilty on October 21, 2025 to a single-count indictment charging conspiracy to commit wire fraud and bank fraud under 18 U.S.C. §§ 1343, 1344, and 1349. The PSR calculates a total offense level of 22, criminal history category I, and an advisory range of 41 to 51 months. Probation recommends a sentence at the bottom of that range: 41 months' imprisonment and 2 years of supervised release.

The current record also reflects several features relevant to the Court's individualized sentencing determination:

a. Mr. Lee is 54 years old;

b. he has no scoreable criminal history points and qualifies for the zero-point offender reduction;

c. he complied with all pretrial release conditions;

d. he pleaded guilty and received acceptance credit; and

e. the Probation Office identifies no grounds for an aggravating role

adjustment, no obstruction enhancement, and no prior similar conduct.

## The Court Should Vary Downward Under 18 U.S.C. § 3553(a)

*1. The advisory range is driven by a gain proxy rather than a proven actual-loss figure.*

The Guidelines calculation relies on an alternative measure of loss because the Government and Probation acknowledge that the actual loss amount cannot presently be determined. The PSR states that some loans were repaid, some properties remain in foreclosure with unknown value, and the applicants retained much of the funds; accordingly, the enhancement is driven by an estimated gain range of $1.5 million to $3.5 million rather than a final actual-loss calculation. Where the advisory range is substantially shaped by a proxy measure rather than a mature actual-loss record, the Court may reasonably conclude that the Guidelines overstate offense seriousness for purposes of § 3553(a).

*2. The record does not support additional aggravation beyond the existing calculation.*

Probation already concluded that no aggravating role adjustment is warranted because it could not determine that Mr. Lee directed other criminal participants, even though employees may have worked at Pinnacle and the co-conspirators each recruited their own clients. Defendant submits that this Court should be cautious about allowing generalized descriptions of the scheme's breadth

to function as uncabined aggravation on top of the Guidelines enhancements already applied.

The same caution applies to disputed or weakly supported assertions concerning ownership, finances, and business history. The PSR and recommendation state that Mr. Lee denied owning the business used in the offense, while Probation cites agent information, public records, LinkedIn, and database reports indicating ownership. If the Court is asked to rely on those assertions to increase punishment or impose especially restrictive conditions, the defense respectfully submits that those factual points should be resolved carefully and not assumed without reliable supporting proof.

*3. Mr. Lee's history and characteristics support leniency and community-based supervision.*

Mr. Lee has strong indicators of stability and low recidivism risk. He is in his mid-50s, has advanced education, has maintained longstanding residence in New Jersey, and has no scoreable criminal history. He came to the United States when he was 21 years old to attend and obtain education in the United States as a foreign student (F-1 foreign student exchange program). He ultimately obtained a Bachelor of Science in Business from Pace University. He met and married his former wife in New York and eventually settled in metropolitan New York. As stated in the pre-sentence report, he is the father of one child currently a graduate

student at Pace University, his alma mater. Mr. Lee has since remarried to Mihyun Jang. He attended Onnuri Church in New Jersey, often participating in food service to the needy. His only identified conviction is a 2006 alcohol-related misdemeanor that contributes no criminal history points. Probation further determined that he qualifies as a zero-point offender.

He also complied with pretrial supervision after his January 2025 arrest. That conduct is significant. It shows that community supervision and court oversight have already been effective and that Mr. Lee is capable of following conditions imposed by the Court. In these circumstances, a probationary sentence with strict conditions would reasonably protect the public while recognizing his acceptance of responsibility and personal history.

*4. Family circumstances and collateral consequences meaningfully distinguish this case.*

The record reflects genuine family hardship concerns. Mr. Lee provides financial support to his adult daughter, who is in graduate school at Pace University studying to obtain a physician assistant degree, and she could not fully support herself without him. His wife, Mihyun, has significant health issues, including throat cancer treatment and ongoing monitoring.

Mr. Lee also provides financial support for his father, who lives in South Korea, suffers from dementia, and resides in an elder-care facility. The attached exhibit

documenting support payments to Mr. Lee's father confirms that this support is ongoing and substantial. A custodial sentence would jeopardize Mr. Lee's ability to continue those payments and would impose concrete hardship on an elderly parent who depends on that assistance.

In addition, both the PSR and recommendation warn that, because Mr. Lee is a naturalized citizen, the conviction may carry denaturalization and deportation risk especially in the current political climate. Those collateral consequences are severe and unusual, and they increase the real-world punitive effect of any sentence imposed.

*5. Restitution and forfeiture remain substantial punitive components of the sentence.*

Restitution is mandatory, but the amount remains unresolved. Probation notes that victim loss affidavits had not yet been returned and that the Court may need to determine restitution after sentencing. The plea agreement and PSR also contemplate a forfeiture money judgment in an amount to be determined by the Court. Those financial consequences will remain substantial regardless of whether the sentence is custodial and should factor into the total punishment analysis.

*6. A sentence of probation is sufficient for deterrence, just punishment, and protection of the public.*

A sentence of probation would still reflect the seriousness of the offense.

Mr. Lee has already sustained felony conviction consequences, will face substantial financial penalties, and will remain subject to close supervision, financial monitoring, and any special conditions the Court deems necessary. Probation can include meaningful restrictions, including home confinement, community service, reporting obligations, and limitations on employment or self-employment.

On this record, probation is sufficient but not greater than necessary. Mr. Lee's age, limited criminal history, acceptance of responsibility, demonstrated compliance on pretrial release, family obligations, and the unresolved nature of several key financial and restitution issues all support a non-custodial sentence.

## Restitution Should Be Determined Only On A Reliable Record

To the extent restitution remains open at sentencing, any later determination should be based on reliable evidence of actual, offense-caused loss and should not exceed losses proven by a preponderance of the evidence. If the amount cannot be fixed by sentencing, the defense respectfully requests that the Court make clear on the record what is being deferred, set an orderly schedule for disclosures and objections, and preserve Mr. Lee's opportunity to challenge victim identity, causation, offsets, repayments, foreclosure recoveries, and any unsupported loss assumptions.

## Conclusion

For all of these reasons, Mr. Lee respectfully asks the Court to impose a substantial downward variance and sentence him to probation, subject to such conditions as the Court deems appropriate, rather than a term of imprisonment, with restitution and forfeiture determined and enforced according to law.

Respectfully Submitted,

Dated: April 22, 2026

Matthew Jeon

Matthew Jeon Esq.(MJ3368)